J-S18040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY LEONARD CANTZ | |
| Appellant | No. 2202 EDA 2014 |

Appeal from the PCRA Order June 30, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000895-2011

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 11, 2015**

Appellant, Timothy Leonard Cantz, appeals from the June 30, 2014 order dismissing his amended petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Therein, Appellant challenges the legality of his sentence of 15 to 30 months' incarceration for his conviction of driving under the influence (DUI) of "a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle."[1]  In addition, Appellant's counsel has filed before this Court a motion to withdraw, together with a **Turner**/**Finley** no-merit letter/brief, averring the appeal is without merit.  **See Commonwealth v. Turner**, 544 A.2d 927

---

[1] 75 Pa.C.S.A. § 3802(d)(2).

(Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super 1988) (*en banc*). After careful review, we grant counsel's motion to withdraw and affirm the PCRA court's June 30, 2014 order dismissing Appellant's PCRA petition.

The PCRA court summarized the facts of this case as follows.

> The relevant factual and procedural history is undisputed and clear from the record.
>
> On November 23, 2010, [Appellant] was twice arrested and charged with [DUI]. … Case No. 895 CR 2011 resulted from a routine traffic stop. [Appellant] was initially stopped for traveling too closely behind another vehicle on the highway. In the ensuing encounter with the state trooper who stopped him, [Appellant] exhibited traditional indicia of intoxication. As a result, the trooper administered several field sobriety tests, all of which [Appellant] failed. [Appellant] was taken to Pocono Medical Center where he refused to submit to chemical testing. Ultimately, [Appellant] was charged with DUI under 75 Pa.C.S.A. § 3802 (d)(2) (Controlled Substance — Impaired Ability to Drive) as a second offense.
>
> …
>
> On September 5, 2012, [Appellant] pled guilty to [] the controlled substance DUI offense[]. On November 5, 2012, [Appellant] was sentenced to incarceration for not less than 15 months nor more than 30 months on [] the DUI conviction[]. …
>
> On June 28, 2013, the Superior Court decided [] ***Musau***, [] holding that the maximum sentence allowed by law for a first or second conviction under 75 Pa.C.S.A. Section 3802(a)(1) (General Impairment — Alcohol) is six months' imprisonment. [Appellant] then filed a *pro se* PCRA petition [on October 23, 2013]. [On February 3, 2014], through

appointed counsel, [Hillary A. Madden, Esquire,] [Appellant] filed the amended petition that [the PCRA court] denied on June 30, 2014 ….

PCRA Court Opinion, 7/8/14, at 1-3 (footnote omitted).

Appellant filed a timely notice of appeal on July 25, 2014.[2] On October 30, 2014, PCRA counsel filed with this Court a petition to withdraw together with a **Turner**/**Finley** no-merit letter/brief.[3] Therein, Counsel identifies Appellant's issues on appeal as an error by the PCRA court in denying him relief based on the following allegations.

> The only issue asserted by Appellant in his *pro se* petition for [PCRA] relief is whether the trial court imposed an illegal sentence by ordering Appellant serve a total period of time of not less than 30 months nor more than 60 months in a state correctional institution.

Counsel's No-Merit Letter/Brief at 18. Appellant's assertion that his sentence is illegal, is premised on this Court's decision in **Commonwealth v. Musau**,

---

[2] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. In its Rule 1925(a) statement, the PCRA court references its July 8, 2014 opinion in support of its June 30, 2014 order as containing the reasoning behind its dismissal of Appellant's amended PCRA petition.

Appellant filed an untimely notice of appeal in a companion case involving a separate DUI plea at 2321 EDA 2014 resulting from his second November 28, 2010 DUI arrest. We quashed that appeal. However, the issues raised therein were identical to those in the instant case.

[3] The Commonwealth did not file a brief in this matter.

69 A.3d 754 (Pa. Super. 2013).[4]  **_Id._** at 19.  Alternatively, Appellant bases his claim on the trial court's past interpretation and application of **_Musau_** in sentencing other defendants convicted of non-section 3802(a) DUI offenses. **_Id._**

When we review an order denying an appellant's request for PCRA relief, we adhere to the following standards.

> "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **_Commonwealth v. Edmiston_**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted)[, _cert. denied_, **_Edminston v. Pennsylvania_**, 1345 S. Ct. 639 (2013)].  "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **_Commonwealth v. Koehler_**, 614 Pa. 159, 36 A.3d 121, 131 (2012) (citation omitted).  "The PCRA court's credibility determinations, when supported by the record, are binding on this Court."

---

[4] In **_Musau_**, the Commonwealth filed a petition for allowance of appeal at 510 EAL 2013.  Our Supreme Court, on February 11, 2014, issued an order holding the petition for allowance of appeal pending its disposition of the appeal at 32 EAP 2013 for **_Commonwealth v. Mendez_**, 62 A.3d 456 (Pa. Super. 2012) (unpublished memorandum).  The question accepted for decision in the **_Mendez_** appeal was as follows.  "In upholding a sentence that exceeds the statutory maximum explicitly set out in 75 Pa.C.S. § 3803, did not the majority violate the rules of statutory construction in order to avoid what it saw as 'problematic consequences' resulting from a straightforward application of the statute?"  **_Commonwealth v. Mendez_**, 71 A.3d 250 (Pa. 2013) (_per curiam_ order).  Our Supreme Court dismissed the **_Mendez_** appeal on March 30, 2015.  **_Commonwealth v. Mendez_**, 111 A.3d 1187 (Pa. 2015).  The hold on the petition for allowance of appeal in **_Musau_** is still pending.

> ***Commonwealth v. Spotz***, 610 Pa. 17, 18 A.3d
> 244, 259 (2011) (citation omitted). "However, this
> Court applies a *de novo* standard of review to the
> PCRA court's legal conclusions." ***Id.***

***Commonwealth v. Medina***, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014)

(*en banc*), *appeal granted*, 105 A.3d 658 (Pa. 2014). Further, in order to be

eligible for PCRA relief, a petitioner must plead and prove by a

preponderance of the evidence that his conviction or sentence arose from

one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues

must be neither previously litigated nor waived. ***Id.*** at § 9543(a)(3).

"Issues relating to the legality of sentence are cognizable under the PCRA."

***Commonwealth v. Voss***, 838 A.2d 795, 799 (Pa. Super. 2003) (citation

omitted).

Before we consider Appellant's arguments, we must review PCRA

counsel's request to withdraw. As described by our Supreme Court, the

requirements PCRA counsel must abide by, when requesting to withdraw,

include the following.

> 1) A "no-merit" letter by PC[R]A counsel
> detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel
> listing each issue the petitioner wished to have
> reviewed;
>
> 3) The PC[R]A counsel's "explanation", in the
> "no-merit" letter, of why the petitioner's issues
> were meritless[.]

***Commonwealth v. Pitts***, 981 A.2d 875, 876 (Pa. 2009), *quoting* ***Finley***, ***supra*** at 215. "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley***, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Id.*** (citation omitted).

Instantly, we conclude that Attorney Madden has complied with the requirements of ***Turner/Finley***. Specifically, Attorney Madden's ***Turner/Finley*** letter/brief details the nature and extent of her review, addresses the claims Appellant raised in his amended PCRA petition and Rule 1925(b) Statement, and determines that the issues lack merit. Attorney Madden discusses Appellant's claims, explaining the reasons for her conclusion that the issues are meritless. Additionally, Attorney Madden served Appellant with a copy of the petition to withdraw and ***Turner/Finley*** letter/brief, advising Appellant that, if she was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel.

- 6 -

Appellant has not filed any response to the motion to withdraw. Therefore, we proceed to perform an independent merits review of Appellant's claims.

The basis of Appellant's primary issue is that his sentence of 15 to 30 months' incarceration is illegal in light of this Court's holding in *Musau*. "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Wolfe***, 106 A.3d 800, 802 (Pa. Super. 2014) (citation omitted).

In ***Musau***, we were called upon to interpret the then existing version of Section 3803(a) of the Vehicle Code, which provided as follows.

> **(a) Basic offenses.—** Notwithstanding the provisions of subsection (b):
>
>> (1) An individual who **violates section 3802(a)** (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

75 Pa.C.S.A. § 3803(a) (emphasis added).[5]

Musau had been convicted of DUI under Section 3802(a), which, because he had a prior offense and refused a blood alcohol test, was graded as a first-degree misdemeanor under Section 3803(b)(4). ***Musau***, ***supra*** at

_____

[5] Effective October 27, 2014, the Legislature amended Section 3803(a), replacing the phrase, "Notwithstanding the provisions of subsection (b)" with, "Except as provided in subsection (b)."

755-756. Following principles of statutory construction and emphasizing the import of the word "notwithstanding" in the section, the **Musau** panel held, "regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment." **Id.** at 757-758.

Instantly, Appellant pleaded guilty to DUI under **Section 3803(d)(2)**.[6] Relative to grading, Section 3803(b)(4) provides as follows.

> **§ 3803. Grading**

_____

[6] That section provides as follows.

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> …
>
> **(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> …
>
> > (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.
>
> …

75 Pa.C.S.A. § 3802(d)(2).

…

> **(b) Other offenses.--**
>
> …
>
> > (4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.
>
> …

75 Pa.C.S.A. § 3803(b)(4).

Accordingly, as explained by the PCRA court, *Musau* does not apply to Appellant's sentence.

> Thus, the six[-]month sentence limiting provision of Section 3803(a) applies only to first and second general impairment DUI convictions under Section 3802(a). Had the Legislature desired to trump the grading provisions of Section 3803(b)(4) with respect to controlled substance convictions as it did for general impairment violations, or to otherwise limit to six months the maximum sentence for controlled substance DUIs (or any of the other non-general impairment offenses listed under Section 3802), it could easily have done so. It did not. Accordingly, the holding in *Musau* and the six[-]month maximum sentence provision of 3803(a) do not apply to [Appellant's] Section 3802(d) controlled substance conviction[].

PCRA Court Opinion, 7/8/14, at 6; *see also Commonwealth v. Wilson*, 111 A.3d 747, 753 (Pa. Super. 2015) (distinguishing the limiting language of Section 3803(a) and the holding in *Musau* from the language in Section 3803(b)(1), which, although it provides for a maximum six-month sentence

for violation of Section 3802(b), did not contain the "notwithstanding" phrase, and did not trump the grading provision of Section 3803(b)(5) concerning DUI violations while a minor is an occupant in the vehicle).

Appellant next alternatively contends that sentences imposed by the trial court in other post-*Musau* cases, employing a contrary and broader interpretation of *Musau*, requires the same application of *Musau* to his case. Counsel's No-Merit Letter/Brief at 21. The PCRA court states Appellant's issue as follows.

> [Appellant's] secondary argument is that because in some post-*Musau* non[-]general impairment DUI cases we imposed six[-]month maximum sentences, notions of fundamental fairness and the doctrine of *stare decisis* entitle him to the benefit of a six[-]month sentence. There is no merit to this fall-back argument.

PCRA Court Opinion, 7/8/14, at 6.

We agree with Counsel that this argument is an "appeal to the discretionary aspect of sentence" and no relief is available under the PCRA. Counsel's No-Merit Letter/Brief at 22-23. "Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007) (citations omitted), *appeal denied*, 944 A.2d 756 (Pa. 2008).

Additionally the PCRA court, acknowledging the other sentences, which Counsel presented at the PCRA hearing, noted as follows.

> Further, we do not believe the fact that other defendants in subsequent cases received sentences

> with shorter maximums than [Appellant] creates "precedent," binding or otherwise, that entitles [Appellant] to a six[-]month maximum under any theory he may advance.
>
> …
>
> However, *stare decisis* is not an avenue by which a court is bound to follow past determinations blindly where adherence of the rule perpetuates error. ***Stilp. v. Com***[***monwealth***], 905 A.2d 918, 967 (Pa. 2006). While the shorter sentences to which [Appellant] refers were neither illegal nor erroneous, the maximums were artificially constrained by an initial confusion regarding, or possibly a misinterpretation of, the holding in ***Musau***. We will not apply principles of *stare decisis* to perpetrate a misinterpretation of or confusion regarding binding appellate precedent and an unambiguous statutory provision.

PCRA Court Opinion, 7/8/14, at 7, 8.

Based on the foregoing, we conclude that the sentence imposed on Appellant was a legal sentence and the holding of the ***Musau*** Court did not apply to Appellant's case. We further conclude that any previous misinterpretation of ***Musau*** by the trial court does not provide precedent affecting the legality of Appellant's sentence. Accordingly, we discern no error or abuse of discretion by the PCRA court in dismissing Appellant's amended PCRA petition.

Ascertaining no error, we affirm the PCRA court's June 30, 2014 order dismissing Appellant's amended PCRA petition. Additionally, we grant Counsel's motion to withdraw from further representation of Appellant in this matter.

- 11 -

Order affirmed.  Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/11/2015